IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN LAUZON, et al., § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No.  SA-12-CV-177-XR |
| § | |
| PULTE HOMES, INC., PULTE HOMES OF § | |
| TEXAS, L.P., and CENTEX HOMES, INC., § | |
| § | |
| *Defendants*. § | |
| § | |

**ORDER**

On this day the Court considered Pulte Homes of Texas, L.P.'s motion for summary judgment (Doc. No. 4). For the following reasons, the Court GRANTS the motion.

**I. Background**

Plaintiffs in this case are owners of homes in the Rivermist and Hills of Rivermist residential subdivisions in Bexar County, Texas. On January 24, 2010, a retaining wall between the subdivisions collapsed and a landslide ensued. Plaintiffs allege that the failure of the retaining wall put their homes in danger of physical damage and diminished the value of their properties.

Plaintiffs filed suit against Defendants Pulte Homes, Inc., Centex Homes, Inc. ("Centex"), and Pulte Homes of Texas, L.P. ("Pulte"), in the 57th Judicial District Court of Bexar County, Texas on January 23, 2012, alleging negligence, negligence per se, gross negligence, private and public nuisance, fraud in a real estate transaction in violation of

1

section 27.01 of the Texas Business and Commerce Code, fraud, violations of the Texas Deceptive Trade Practices Act, breach of contract, and breach of implied warranty. (*See* Def.'s Notice Removal 1, Doc. No. 1; Pls.' Orig. Pet., Doc. No. 1, Ex. A). Defendants Pulte and Centex are the alleged developers of the subdivisions and are wholly owned subsidiaries of PulteGroup, Inc. (formerly known as Pulte Homes, Inc.). The Court has dismissed Plaintiffs' claims against PulteGroup, Inc., and Centex, so Pulte is the only remaining Defendant.[1]

Pulte filed this motion for summary judgment on March 20, 2012. (Doc. No. 4). In its motion, Pulte argues that it is not a proper party to this lawsuit because it was not involved in the construction of Plaintiffs' homes, it was not involved in the development of the subdivisions, and it was not a party to the New Home Sale Agreements that Plaintiffs entered into with Centex. (Mot. Summ. J. 2). Therefore, Pulte argues that all of Plaintiffs' claims against it should be dismissed.

## II. Standard of Review

The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A genuine dispute exists if "the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.*

---

[1] PulteGroup, Inc., was dismissed from this case on June 18, 2012, for lack of personal jurisdiction. (Doc. No. 16). Plaintiffs' claims against Centex were dismissed on September 24, 2012, because the Court found that the claims were subject to a binding arbitration agreement. (*See* Doc. No. 21).

Where the "burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case." *Wesley v. Gen. Drivers, Warehousemen and Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011) (quoting *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010)). "Once a party meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Bayle*, 615 F.3d at 355 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)).

"All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions." *VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir. 2011).

### III. Analysis

Pulte argues that it had no involvement whatsoever in the sale, development or construction of Plaintiffs' homes or neighborhoods. In addition, Pulte argues that it had no involvement in the construction or reconstruction of the retaining wall that collapsed. If true, Pulte would have no connection to Plaintiffs' properties and thus Plaintiffs would be unable to prevail on any of their claims against Pulte. Therefore, before addressing any of Plaintiffs' claims individually, the Court will first examine the competent summary judgment evidence to determine if there is a genuine dispute as to whether Pulte was somehow involved with Plaintiffs' properties.

**A. What was the Scope of Pulte's Involvement with Plaintiffs' Properties?**

Pulte has offered several pieces of evidence demonstrating that it was not involved in the development or construction of Plaintiffs' homes or neighborhoods. First, Pulte has offered the declaration of Laurin Darnell, the Division President of the San Antonio Division of Pulte Homes of Texas, L.P. Darnell states that "Pulte Homes of Texas, L.P. was not involved in the development of Rivermist and The Hills of Rivermist Subdivisions in Bexar County, Texas, nor was it involved in the construction of Plaintiffs' home[s]." (Mot. Summ. J., Ex. A ¶ 3). Darnell further states that, upon review of the documents in Centex's records, she has determined that Centex, rather than Pulte, developed the Rivermist and Hills of Rivermist Subdivisions.[2] (*Id.* ¶ 4). Pulte has provided further evidence that corroborates Darnell's statements. Specifically, Pulte has offered the declaration of Trey Marsh, the former Vice President for Land Development for the San Antonio Division of Centex Homes. Marsh states that "*Centex Homes* developed Plaintiffs' residential neighborhoods, Rivermist and The Hills of Rivermist Subdivisions." (Reply, Ex. A ¶ 2) (emphasis added). Marsh makes no mention of Pulte.

Pulte has also offered evidence showing that it was not involved in the sale of Plaintiffs' homes either. In Darnell's declaration, she specifically states that Pulte was not involved in the "sale of the home[s] to the Plaintiffs." (Mot. Summ. J., Ex. A ¶ 3). An examination of the New Home Sale Agreements, Exhibits E1-1 through E1-3 to the notice of removal, supports Darnell's statement. Each New Home Sale Agreement is between Centex and each Plaintiff. Pulte is not a Party to any of the agreements.

---

[2] Darnell alleges that because of the merger of Centex Corporation, Centex's parent, with Pulte Homes, Inc., she is the custodian of records and capable to swear to the authenticity of documents in the records of Centex.

In response to Pulte's motion for summary judgment and the evidence that Pulte has put forth, Plaintiffs essentially make two arguments. One argument is that "Plaintiffs ask that the Court take judicial notice of both motions to dismiss [in *Centex Homes v. Arias & Associates, Inc.*, No. 5:12-CV-53-OLG][3] as well as all exhibits and attachments to the motions because they involve evidence . . . [that] controverts many of the allegations in Pulte Homes of Texas, L.P.'s Motion for Summary Judgment evidence." (Resp. ¶ 7).

Plaintiffs' argument cannot defeat Pulte's motion for summary judgment for two reasons. First, the exhibits to which Plaintiffs refer relate to Centex's citizenship and were offered in support of an argument that Centex is a citizen of Texas.[4] The exhibits do not address the development, construction, or sale of Plaintiffs' homes or subdivisions, much less indicate that Pulte was somehow involved in any way. Indeed, the Court is unaware of any instance in which Pulte is even named in any of the exhibits. Thus, the Court does not see how these exhibits could possibly contain sufficient evidence to raise a fact issue as to whether Pulte was involved.

Furthermore, even if there were evidence somewhere in the exhibits indicating that Pulte was somehow involved with Plaintiffs' properties or the retaining wall, Plaintiffs have failed to sufficiently bring such evidence to the Court's attention. The exhibits and attachments to which Plaintiffs refer are over 400 pages in length. Plaintiffs do not point the Court to any specific document or exhibit, nor do Plaintiffs suggest how the exhibits might

---

[3] Centex filed a lawsuit, also in the U.S. District Court for the Western District of Texas, against Arias & Associates, Inc. ("Arias"), and Gravity Walls, Ltd. ("Gravity Walls"), the two companies that Centex hired to design and construct the retaining wall that collapsed.

[4] The exhibits are attachments to Arias' and Gravity Walls' motions to dismiss for lack of subject matter jurisdiction. Defendants Arias and Gravity Walls, citizens of Texas, were attempting to show that complete diversity was lacking because Plaintiff Centex, a general partnership, has partners that are citizens of Texas. Thus, Arias and Gravity Walls provided exhibits relating to the citizenships of Centex's partners. The exhibits included, among other documents, PulteGroups' 2010 Form 10-K, Hoovers' profiles of Centex Real Estate Corporation and Centex International, Inc., and corporate filings with the Texas Secretary of State.

implicate Pulte's involvement with the subdivisions, homes, or the retaining wall. This Court is not required to hunt through such voluminous records in search of evidence, which might or might not exist, in support of Plaintiffs' claims; rather, Plaintiffs have the burden of pointing the Court to the evidence that supports their position.[5]

Plaintiffs' second argument for why Pulte's motion for summary judgment should be denied is that "[b]ased upon information and belief, Defendant Pulte Homes of Texas L.P. participated in the *reconstruction* of the wall." (Resp. ¶ 2) (emphasis added).[6] Plaintiffs allege that the reconstruction of the retaining wall "went on during evening and early morning hours, as well as weekends, causing substantial disruption in Plaintiffs' use and enjoyment of their property." (*Id.*). Plaintiffs, however, do not offer any evidence in support of their argument.

Pulte, on the other hand, has provided several pieces of evidence indicating that it did not participate in the reconstruction of the retaining wall. In his declaration, Trey Marsh states that "Centex contracted with Craig Olden, Inc. for the *complete* design and construction of repairs to the slope and a new retaining wall." (Reply, Ex. A ¶ 3) (emphasis added). An examination of the contract between Centex and Craig Olden, Inc., for the reconstruction of the retaining wall corroborates Marsh's statement. Pursuant to the contract, the work to be performed by Craig Olden, Inc., included the "[c]omplete engineering design" of the retaining wall and the "construction of the retaining wall system." (Reply, Ex. A-1). Pulte is not a party to the contract and is not even mentioned in the contract. Plaintiffs have not offered any

---

[5] *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) ("If somewhere in a record there is evidence that might show a dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engage in an extensive search.").

[6] The Court notes that Plaintiffs' statement could be construed as a concession that Pulte's evidence in support of its motion for summary judgment is sufficient to establish that Pulte did not participate in the original construction of the retaining wall. However, such a concession would not be necessary for the Court to reach its holding on Pulte's motion.

argument or evidence, nor is the Court aware of any in the record, that show that Pulte might have somehow been involved with the reconstruction of the retaining wall.

Thus, upon examination of the arguments and evidence in the record, the Court finds that Pulte has demonstrated that there is no genuine dispute as to whether Pulte was involved in the construction, reconstruction, development, or sale of Plaintiffs' properties or subdivisions. Plaintiffs have failed to produce any evidence, and the Court is unaware of any evidence, that would allow a reasonable juror to conclude that Pulte was somehow involved in those activities. Therefore, because the Court finds as a matter of law that Pulte was not involved, Plaintiffs' claims for relief against Pulte must be dismissed.

**B. Plaintiffs' Motion to Continue**

In their response, Plaintiffs also move the Court to grant a continuance until the parties are able to complete adequate discovery. (Resp. ¶ 9). Plaintiffs apparently concede that further discovery will not produce evidence showing that Pulte was involved in the construction, development or sale of Plaintiffs' homes of subdivisions, but allege that "[o]nce the parties are in a position to conduct discovery in this case, [P]laintiffs will seek documents and information as to who participated in the wall reconstruction, and specifically who was in control of the reconstruction process and the range of hours that the work was to be performed." (*Id.* ¶ 8).

Rule 56(d) provides that a court may defer considering a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."

Pulte has submitted unequivocal evidence demonstrating that it was not involved in the construction or reconstruction of the retaining wall. Plaintiffs have not advanced any argument specifying why Pulte's evidence should not be conclusive, nor have Plaintiffs offered any argument, affidavits, or declarations explaining how discoverable information might show that Pulte was somehow involved with the construction or reconstruction of the retaining wall. Thus, Plaintiffs have failed to show that additional discovery might create a genuine dispute as to whether Pulte was somehow involved in the sale, construction, or development of Plaintiffs' homes or neighborhoods, or as to whether Pulte was somehow involved in the construction or reconstruction of the retaining wall. Accordingly, the Court finds that it is not necessary to postpone ruling on Pulte's motion for summary judgment.

## IV. Conclusion

Plaintiffs have failed to show that there is a genuine dispute as to whether Pulte was somehow involved in the development, construction, or sale of Plaintiffs' properties or subdivisions, or as to whether Pulte was somehow involved in the construction or reconstruction of the retaining wall that collapsed.

Accordingly, because the Court finds as a matter of law that Pulte was not involved, Plaintiffs' motion to continue is DENIED and the Court finds that Pulte's motion for summary judgment (Doc. No. 4) must be GRANTED. It is therefore ORDERED that Plaintiffs shall take nothing on their claims against Pulte and that Plaintiffs' claims against Pulte are dismissed on the merits.

Defendants' motion to stay the case (Doc. No. 15) is therefore DISMISSED AS MOOT.

Judgment in favor of Pulte shall issue separately accordingly to Rule 58. Pulte is awarded costs and shall file a bill of costs in the form required by the Clerk of the Court, with supporting documentation, within fourteen days of the Judgment.

It is so ORDERED.

SIGNED this 15th day of October, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE