IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN LAUZON, et al., § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No.  SA-12-CV-177-XR |
| § | |
| PULTE HOMES, INC., PULTE HOMES OF § | |
| TEXAS, L.P., and CENTEX HOMES, INC., § | |
| § | |
| *Defendants*. § | |

**ORDER**

On this day the Court considered Plaintiffs' motion for reconsideration (Doc. No. 26). Plaintiffs request that the Court "reconsider its order compelling arbitration to the extent that it dismissed Plaintiffs' claims against Centex instead of staying or abating the action pending the entry of a final judgment by the arbitration tribunal." (Mot. Recon. ¶ 3). Defendant Centex opposes the motion, contending that dismissal of Plaintiffs' claims was appropriate.

For guidance on whether the Court should reconsider its prior holding, the Court will turn to *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674 (5th Cir. 1999), in which the Fifth Circuit reviewed a district court's decision to dismiss a case, rather than stay the case, pending arbitration. In *Fedmet*, the district court dismissed the case without prejudice in favor of arbitration after finding that the arbitration clause was enforceable and that all issues raised in the action were arbitrable. *Id.* at 676. The plaintiff in the lawsuit moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing that the case should have been stayed rather than dismissed. *Id.* The district court denied the plaintiff's motion and the

plaintiff appealed. *Id.* The Fifth Circuit affirmed, holding that because the district court determined that all of the claims and issues presented were subject to arbitration, "[t]he district court acted well within its discretion when it dismissed [the] case without prejudice to re-filing." *Id.* at 679.

After careful consideration, this Court finds that *Fedmet* does not require the Court to reconsider its holding and grant a stay in this case. As this Court explained in its order compelling arbitration, all of Plaintiffs' claims in this case against Centex are arbitrable because they are all covered by arbitration agreements. (Order Grant. Mot. Compel Arb. 10). This Court's decision to dismiss the claims without prejudice was therefore appropriate because, once arbitration is complete, the "Court will have nothing more to do other than conduct a limited judicial review and execute final judgment." (*Id.*). In their motion for reconsideration, Plaintiffs have not controverted the Court's reasoning at all. Plaintiffs have not offered a single reason why a stay would be necessary in this case, nor have they even explained why they are requesting a stay. Absent a reason for doing so, the Court is not required to, and will not, reconsider its prior holding.

Moreover, in *Fedmet*, the Fifth Circuit explained that it interpreted the language of 9 U.S.C. § 3 to mean only that a "district court cannot deny a stay when one is properly requested." 194 F.3d at 678. Here, Plaintiffs have not properly requested a stay because their request is untimely. Plaintiffs bring this request for a stay, for the first time, a full month after the Court has compelled arbitration of their claims.[1] Plaintiffs could have requested a stay in their response to Centex's motion to compel arbitration or they could have moved to file a

---

[1] The Court granted Centex's motion to compel arbitration on September 24, 2012, and Plaintiffs filed this motion for reconsideration on October 24, 2012.

surreply at any time before the Court issued its order. Rather, Plaintiffs waited until long after the Court made its decision, and they have not offered any explanation for the delay. Thus, their request for a stay is impermissibly untimely.

Accordingly, because Plaintiffs have not offered a reason in support of their request for a stay, and because their request is nonetheless untimely, their motion for reconsideration (Doc. No. 26) is DENIED.

It is so ORDERED.

SIGNED this 31th day of October, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE